Kalavaci v. Sessions
BIA
Poczter, IJ
A206 434 776

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand eighteen.

PRESENT:
  RALPH K. WINTER,
  GUIDO CALABRESI,
  DENNY CHIN,
   *Circuit Judges.*
_____

XHULJAN KALAVACI,

   *Petitioner,*

  v.           16-4114
            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

   *Respondent.*
_____

FOR PETITIONER:     Adrian Spirollari, Brooklyn, NY.

FOR RESPONDENT:     Chad A. Readler, Acting Assistant

Attorney General; Keith I. McManus, Assistant Director; Scott M. Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xhuljan Kalavaci, a native and citizen of Albania, seeks review of a November 10, 2016, decision of the BIA affirming a June 1, 2016, decision of an Immigration Judge ("IJ") denying Kalavaci's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xhuljan Kalavaci,* No. A206 434 776 (B.I.A. Nov. 10, 2016), *aff'g* No. A206 434 776 (Immig. Ct. N.Y. City June 1, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v.*

2

*Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)(per curiam).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies or omissions in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). "We defer . . . to an IJ's credibility determination unless . . .it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. For the reasons that follow, we conclude that the agency did not err in finding Kalavaci not credible.

First, the agency reasonably relied on the inconsistency between Kalavaci's testimony that his family members did not

3

work for a political candidate and the candidate's letter that members of Kalavaci's family were on his staff. *See id*. at 166-67. The BIA was not required to credit Kalavaci's explanation that being on staff and working for a candidate are not the same thing. *See Majidi*, 430 F.3d at 80. Nor do Kalavaci's current explanations compel a contrary conclusion. His explanations that the candidate may have meant extended family members or family members who worked for the candidate when Kalavaci was a child are speculative and do not resolve the inconsistency. *Id*.

Second, the agency reasonably relied on Kalavaci's inconsistent testimony about whether his father was both an organizer during elections and a member of the voting commission, as well as his father's omission of the alleged membership on the commission and threats that Kalavaci received. *See Xiu Xia Lin*, 534 F.3d at 166-67. The agency was not required to accept Kalavaci's explanation that an organizer and a member are the same. *See Majidi*, 430 F.3d at 80. Nor would the agency have been compelled to accept Kalavaci's new, and unexhausted, explanations for his father's omissions. He argues that his father's general mention of a threat from an activist was sufficient to

4

corroborate multiple threatening calls and that his father may have served on the voting commission when Kalavaci was a child. The first explanation, although plausible, is not compelling, and the second is again speculative. *Id.; see Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. . . . [R]ecord support for a contrary inference— even one more plausible or more natural—does not suggest error." (internal quotation marks omitted)).

Finally, the adverse credibility determination is further bolstered by the IJ's observations of Kalavaci's demeanor and his lack of reliable corroboration. "[D]emeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate," *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006), and "[w]e give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor," *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that the weight accorded to an applicant's "evidence lie[s] largely within

the discretion of the IJ." (internal quotation marks omitted); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam)("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Given the foregoing findings, the adverse credibility determination is supported by the "totality of the circumstances." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is therefore dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe,
                         Clerk of Court

6